UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF LOUISIANA

TYRONE HICKS                                    CIVIL ACTION

VERSUS                                          NUMBER: 13-0224

JEFFERSON PARISH SHERIFF'S                      SECTION: "N"(5)
OFFICE, ET AL.

## REPORT AND RECOMMENDATION

The above-captioned matter is a civil rights suit alleging the excessive use of force against plaintiff while he was a pre-trial detainee housed at the Jefferson Parish Correctional Center. (Rec. doc. 1). Shortly after the lawsuit was filed, summonses were issued as to the four named defendants. (Rec. doc. 4). One of the defendants has since been dismissed from this litigation (rec. doc. 10), a second defendant has answered plaintiff's complaint (rec. doc. 11), and a third defendant, the Jefferson Parish Sheriff's Office, is not an entity that is capable of being sued. See Wetzel v. St. Tammany Parish Jail, 610 F.Supp.2d 545, 548 (E.D. La. 2009).

In accordance with Local Rule 16.2, after over four months had passed and a review of the record revealed that no service returns or waiver of service had been filed therein indicating that service had been made on the fourth named defendant, Jimmy Brown, the Court ordered plaintiff to show cause, in writing and on or before July 3, 2013, as to why his claims against that defendant should not be dismissed. (Rec. doc. 12). As of this date, no response to the rule to show cause has been forthcoming from plaintiff and the fourth named defendant remains unserved.

Rule 4(m), Fed.R.Civ.P., provides that "[i]f a defendant is not served within 120 days after the complaint is filed, the court-on motion or on its own initiative after notice to the plaintiff-must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." The jurisprudence has come to expect strict compliance with the service rules within the one hundred twenty-day period prescribed by Rule 4(m) and its predecessor. See, e.g., Lambert v. United States, 44 F.3d 296 (5th Cir. 1995); Peters v. United States, 9 F.3d 344 (5th Cir. 1993); McGinnis v. Shalala, 2 F.3d 548 (5th Cir. 1993), cert. denied, 510 U.S. 1191, 114 S.Ct. 1293 (1994); Trania v. United States, 911 F.2d 1155 (5th Cir. 1990).

It has now been over five months since this lawsuit was filed and proof of service on defendant, Jimmy Brown, is lacking. By scheduling the rule to show cause, the Court hoped to bring this deficiency to the attention of plaintiff and to impress upon him the need to fully prosecute his case.  Unfortunately, no response to the Court's show cause order has been forthcoming nor, as far as the record reflects, has there been any further service activity.  As plaintiff is represented by counsel, these failures are not attributable to plaintiff himself.  Accordingly, it will be recommended that plaintiff's claims against defendant, Jimmy Brown, be dismissed without prejudice for failure to prosecute pursuant to Rule 4(m), Fed.R.Civ.P.

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that plaintiff's claims against defendant, Jimmy Brown, be dismissed without prejudice for failure to prosecute pursuant to Rule 4(m), Fed.R.Civ.P.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district

court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this __8th__ day of ____July____, 2013.

*[signature]*
ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE